**Opinion issued October 16, 2018**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-17-00464-CR

_____

**EDWARD GUERRA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1526245**

---

## MEMORANDUM OPINION

Appellant, Edward Guerra, pleaded guilty to the first-degree felony offense of aggravated assault with a deadly weapon causing serious bodily injury to a family member, without an agreed punishment recommendation, pending a pre-sentence

investigation ("PSI") hearing.[1]  At the PSI hearing, the trial court found appellant guilty as charged and assessed his punishment at forty-five years' confinement.  This sentence is within the applicable sentencing range.[2]  The trial court certified that this was not a plea-bargain case, and that appellant had the right of appeal.  *See* TEX. R. APP. P. 25.2(a)(2).  Appellant timely filed a notice of appeal and new counsel was appointed.

Appellant's appointed counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous.  *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).  Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority.  *See id.* at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).  Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

---

[1]     *See* TEX. PENAL CODE ANN. § 22.02(a), (b)(1) (West 2011).

[2]     *See* TEX. PENAL CODE ANN. § 12.32(a) (West 2011).

2

Appellant's counsel has informed us that he has delivered a copy of the motion to withdraw and *Anders* brief to appellant and informed him of his right to file a pro se response after getting access to the records. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, counsel has certified that he has sent the form motion for pro se access to the records to appellant for his response. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant filed a pro se response to his counsel's *Anders* brief.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (reviewing court is not to address merits of each claim raised in *Anders* brief or pro se response after determining there are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

Accordingly, we affirm the judgment of the trial court and grant counsel's motion to withdraw.[3]  *See* TEX. R. APP. P. 43.2(a).  Attorney Kevin Keating must immediately send the required notice and file a copy of that notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).  We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Lloyd.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[3] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).